UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **HUYEN FARRELL**, *on behalf of herself and others similarly situated*,<br><br>    *Plaintiff*,<br>v.<br><br>**SAMFIN RESOURCES, LLC**, and **NORMAN J. VELEZ, Jr.**,<br><br>    *Defendants*. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1. Huyen Farrell ("Plaintiff") brings this class action against SamFin Resources, LLC ("SamFin") and Norman Velez ("Velez") (SamFin and Velez hereinafter together "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by placing, or directing the placement of, non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the

1

prior express consent of the consumers, in that Defendants repeatedly deliver artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendants' calls.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendants directed artificial or prerecorded voice messages to Plaintiff's cellular telephone from this District.

## Parties

7. Plaintiff is a natural person who resides in Winter Garden, Florida.

8. SamFin is a South Carolina limited liability company, formed on or about July 21, 2022. Defendant Norman J. Velez Jr. is an owner, officer, director, manager, employee and/or agent of SamFin.

9. On February 14, 2023, Velez, in his capacity as Member of SamFin, filed with the North Carolina Secretary of State an application for certificate of authority to transact business in North Carolina. On April 12, 2024, Velez filed with the North Carolina Secretary of State the SamFin annual report, stating that the SamFin principal office is at 5601 Executive Center Drive, Suite 223, Charlotte, North Carolina 28212, and the contact telephone number is 888-462-3453. The SamFin registered agent in North Carolina is Republic Registered Agent LLC, 4111 Rose Lake Road, Suite E, Charlotte, North Carolina 28217.

10. Velez is an individual who resides in Monroe, North Carolina.

11. Velez is an owner, officer, member, manager, employee and/or agent of SamFin.

12. Upon information and belief, Velez (a) created the policies and procedures used by SamFin and their employees and agents, in connection with their unlawful efforts to collect alleged debts from consumers, (b) managed or otherwise controlled the daily telephone call operations of SamFin, (c) oversaw the application of the telephone call policies and procedures used by SamFin, (d) drafted, created, approved and ratified the tactics and scripts used by SamFin, (e) ratified the unlawful telephone call practices and procedures used by SamFin, and (f) directly participated in the calls to Plaintiff and class members.

13. Samfin is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

14. Velez is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

15. Velez and SamFin utilized telephone numbers (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916 to contact consumers in violation of the TCPA.

**Factual Allegations**

16. Plaintiff is, and has been since at least May 18, 2019 the sole and customary user of cellular telephone number (XXX) XXX-6228

17. Since at least March 12, 2023, Defendants have been placing calls to telephone number (XXX) XXX-6228 intending to reach someone other than Plaintiff.

18. For example, Defendants placed calls to telephone number (XXX) XXX--6228 on the following dates and times:

    a. October 25, 2023 at 12:11pm from (352) 662-0550;

3

b. October 26, 2023 at 10:24 am from (352) 662-0550;

c. October 27, 2023 at 3:05pm from (352) 662-0550;

d. October 30, 2023 at 10:04am from (954) 872-0058;

e. October 30, 2023 at 3:33pm from (954) 872-0058;

f. October 31, 2023 at 2:06pm from (954) 872-0058;

g. November 1, 2023 at 12:21pm from (954) 872-0058;

h. November 2, 2023 at 12:30pm from (954) 872-0058;

i. November 6, 2023 at 12:09pm from (954) 872-0058;

j. November 8, 2023 at 10:09 am from (954) 872-0058;

k. November 9, 2023 at 12:28pm from (954) 872-0058;

l. November 10, 2023 at 11:24am from (954) 872-0058;

m. November 21, 2023 at 2:27pm from (850) 676-9409;

n. November 24, 2023 at 11:00 am from (850) 676-9409;

o. November 27, 2023 at 9:34am from (850) 676-9409;

p. December 1, 2023 at 4:17pm from (850) 676-9409;

q. December 12, 2023 at 9:46am from (850) 373-4537;

r. December 15, 2023 at 11:17am from (850) 373-4537;

s. December 18, 2023 at 3:48pm from (850) 373-4537;

t. December 28, 2023 at 3:12pm from (904) 901-8916;

u. January 2, 2024 at 11:37am from (904) 901-8916;

v. January 4, 2024 at 9:34am from (904) 901-8916;

w. January 4, 2024 at 12:31 pm from (904) 901-8916.

19. Defendants used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-6228

20. When Plaintiff would not answer the phone, the following artificial or prerecorded voice message was left on her voicemail:

> This message is solely intend for [inaudible name]. This is a very important call regarding your account within our office. This call is from Benchmark Services. Press one to be connected immediately to a live representative. Again, this is a very important and time sensitive call from Benchmark Services. Please press one to be connected now. Thank you and have a great day.

21. Defendants operate their scheme using several aliases, including: Benchmark Services.[1]

22. The messages are generic—*i.e.*, Defendants delivered the exact same message to telephone number (XXX) XXX--6228 on numerous occasions—and the messages contain no pauses or breaks in speech as is common in a normal live speech pattern.

23. The messages also used a recorded voice (female) and an artificial/computerized voice (to state the inaudible name).

24. The prerecorded message would pause for the insertion of the artificial/computerized voice and then the prerecorded message would resume.

25. Given the generic nature of the messages, the content of the messages, and the number of messages delivered, the messages Defendants delivered to telephone number (XXX) XXX-6228 were prerecorded in nature.

26. Plaintiff called the numbers back and repeatedly requested that the calls stop.

---

[1] Plaintiff previously filed an action against Benchmark Services, LLC and Doe Corp. Utilizing Telephone Numbers (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916 in the United States District Court for the Eastern District of New York, Case No. 1:24-cv-04494. Through discovery, Plaintiff obtained documentary evidence from third parties revealing that Defendants were the subscribers and users of certain of these telephone numbers.

27. Despite her requests, the calls continued.

28. Defendants placed multiple calls to telephone number (XXX) XXX-6228 after Plaintiff requested that the calls stop.

29. Defendants delivered, or attempted to deliver, multiple artificial or prerecorded voice messages to telephone number (XXX) XXX-6228 after Plaintiff requested that the calls stop.

30. Defendants placed the subject calls to telephone number (XXX) XXX-6228 in an effort to reach a third party.

31. Plaintiff does not have, nor did she have, an account with Defendants.

32. Plaintiff is not, nor was, a customer or accountholder of Defendants.

33. Plaintiff did not provide telephone number (XXX) XXX-6228 to Defendants.

34. Plaintiff did not provide Defendants with consent to place calls, or direct the placing of calls by a third party, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-6228.

35. Defendants placed the subject calls, in connection with which Defendants used an artificial or prerecorded voice, to telephone number (XXX) XXX-6228 for non-emergency purposes.

36. Defendants placed the subject calls, in connection with which Defendants used an artificial or prerecorded voice, to telephone number (XXX) XXX-6228 voluntarily.

37. Defendants placed the subject calls, in connection with which Defendants used an artificial or prerecorded voice, to telephone number (XXX) XXX-6228 under its own free will.

38. Defendants had knowledge that Defendants were using an artificial or prerecorded voice in connection with the calls Defendants placed to telephone number (XXX) XXX-6228.

39. Plaintiff suffered actual harm as a result of Defendants' subject calls in connection with which they used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

40. Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

41. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendants played or delivered.

42. Plaintiff also spent time and effort attempting to have the calls stop.

43. The prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted her battery.

44. Upon information and good faith belief, Defendants, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls they place to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

45. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class and subclass of similarly situated individuals as defined below:

> **Class**: All persons and entities throughout the United States (1) to whom Defendants placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Defendants, (3) in connection with which Defendants used an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

> **Subclass**: All persons throughout the United States (1) to whom Defendants placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Defendants, (3) in connection with which Defendants used an artificial or prerecorded voice, (4) after the called party informed

7

> Defendants that the telephone number Defendants called was a wrong or reassigned telephone number, or instructed Defendants to stop placing calls to the telephone number, (5) from four years prior to the filing of this complaint through the date of class certification.

Excluded from the class and subclass are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

46. The proposed class and subclass are so numerous that, upon information and good faith belief, joinder of all members is impracticable.

47. The exact number of class and subclass members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

48. Given Defendant's status as a debt collector, it stands to reason that the class and subclass will have thousands of members.

49. The proposed class and subclass are ascertainable because they are defined by reference to objective criteria.

50. In addition, the cellular telephone numbers of all members of the class and subclass can be identified in business records maintained by Defendants and third parties, including class members.

51. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

52. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendants, without her consent, in violation of 47 U.S.C. § 227.

53. Like all members of the proposed class, Defendants placed calls, in connection with which Defendants used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have an account with Defendants.

54. Like all members of the proposed subclass, Defendants placed calls, in connection with which Defendants used an artificial or prerecorded voice, to Plaintiff's cellular telephone number, even after she informed Defendants that they were calling the wrong number.

55. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and has retained counsel experienced and competent in class action litigation.

56. Plaintiff has no interests that are contrary to or in conflict with the members of the class or subclass that she seeks to represent.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

58. Furthermore, as the damages suffered by individual members of the class and subclass may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class and subclass to individually redress the wrongs done to them.

59. There will be little difficulty in the management of this action as a class action.

60. Issues of law and fact common to the members of the class and subclass predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class and subclass.

61. Among the issues of law and fact common to the class and subclass are:

    a. Defendants' violations of the TCPA as alleged in this class action complaint;

    b. Defendants' use of an artificial or prerecorded voice in connection with its calls;

c. Defendants' practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

d. Whether Defendants is liable for artificial and prerecorded voice messages Defendants delivered to persons who did not have an account with Defendants;

e. Defendants' practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers after being informed that Defendants were calling the wrong number; and

f. the availability of statutory damages.

62. Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class and subclass against Defendants

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-57.

64. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls Defendants placed to Plaintiff's cellular telephone number, for non-emergency purposes and without her consent.

65. Defendants willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that Defendants willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class and subclass, without consent.

66. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendants from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class and subclass without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c. Awarding Plaintiff and members of the class and subclass statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

d. Awarding Plaintiff and members of the class and subclass their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

e. Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 11, 2025

/s/ Rashad Blossom
Rashad Blossom (NC Bar No. 45621)
Blossom Law PLLC
301 S. McDowell Street, Suite 1103
Charlotte, NC 28204
Telephone: (704) 256-7766
Facsimile: (704) 486-5952
rblossom@blossomlaw.com

Javier L. Merino*
DannLaw
825 Georges Road, 2nd Floor
North Brunswick, NJ 08902
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*motion to appear *pro hac vice* forthcoming

*Counsel for Plaintiff and the proposed class and subclass*